## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLLAR TREE STORES, INC.<br>500 Volvo Parkway<br>Chesapeake, VA 23320<br><br>    Plaintiff,<br><br>  v.<br><br>PROVIDENCE PROPERTIES, LLC<br>988 East Main Street<br>Schuylkill Haven, PA 17972<br><br>    Defendant. | Civil Action No. 21-5162 |

## COMPLAINT

## PARTIES

1. Plaintiff Dollar Tree Stores, Inc. ("Tenant") is a Virginia corporation with its principal place of business at 500 Volvo Parkway, Chesapeake, VA 23320.

2. Defendant Providence Properties, LLC ("Landlord") is a Pennsylvania limited liability company with its principal place of business at 988 East Main Street, Schuylkill Haven, PA 17972.

## JURISDICTION AND VENUE

3. Plaintiff is a citizen of Virginia.

4. After a reasonable attempt to determine the identities of the members of defendant, a Pennsylvania limited liability company, and after consultation with publicly available sources concerning the citizenship of the members, plaintiff alleges in good faith that defendant is not a citizen of Virginia.

128257789.1

5.       Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action as there is complete diversity between plaintiff and defendant and the amount in controversy exceeds $75,000.

6.       Pursuant to 28 U.S.C. § 1391, venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE RELEVANT FACTS

### THE LEASE AND IT RELEVANT TAX PROVISIONS

7.       The parties entered into a Lease Agreement dated September 1, 2010 (the "Lease") pursuant to which Tenant leases from Landlord through January 31, 2026 the property located at 701 Hanover Avenue, Allentown, PA (the "Premises") in which Tenant operates a variety store.

8.       The Lease defines the term "Real Estate Taxes," in relevant part, as "all real estate taxes and assessments . . . both general and special, levied and assessed against the Premises."

9.       Pursuant to section A.11(a) of the Lease, Tenant was to "pay actual Real Estate Taxes in accordance with Section F.2 of this Lease."

10.      Section F.2 of the Lease provided that "Landlord shall submit the actual Real Estate Tax bill to Tenant on receipt for payment.  The Landlord of record as of December 31 of any calendar year shall be responsible for providing the **actual tax bill(s)** for the full year." (Emphasis added).

128257789.1

11.     Section W.10A(a) of the Lease authorizes Tenant to recoup its attorneys' fees if it prevails in this lawsuit: "In the event of any legal proceeding arising out of a dispute among Landlord and tenant with regard to enforcement of any provision of this Lease, the substantially prevailing party will be entitled to an award of its reasonable attorneys' fees and costs from the substantially non-prevailing party."

### THE "TAX" OVERCHARGES

12.     Despite reasonable requests, Landlord has not complied with section F.2.

13.     Landlord has not submitted the actual Real Estate Tax bills for the years 2010 to present to Tenant.

14.     Rather, Landlord deceptively invoiced Tenant on a pro-rated monthly basis for the real estate taxes it claimed were due knowing that the actual tax bill in reality would be, or actually were, for less money.

15.     For calendar years 2010 to present, Landlord collected from Tenant over $100,000 more in putative "tax" payments than Tenant owed (the "Excess Payments).

16.     By letter dated February 6, 2019, Tenant demanded that Landlord (a) provide copies of documents identifying the actual Real Estate Taxes for the years 2010 through 2018, inclusive; and (b) refund for each of those years the difference between the amount of alleged "taxes" Landlord collected from Tenant and the actual Real Estate Taxes for that year.

17.     Landlord failed to comply with Tenant's demand and repudiated Landlord's obligation to provide and bill for taxes only upon presentation of the actual tax bill.

18.     By letter dated October 20, 2021, Tenant issued a 30 day notice to cure to Landlord describing the breaches and requested refund of the Excess Payments, but Landlord has ignored the notice to cure.

128257789.1

## COUNT I
## BREACH OF CONTRACT – RECOVERY OF EXCESS PAYMENTS

19.     Tenant repeats and re-alleges each allegation contained in the previous paragraphs of this Complaint as if fully set forth.

20.     The Lease is a valid, written contract between Landlord and Tenant.

21.     The Lease obligated Landlord to submit actual real estate tax bills to Tenant and not to bill monthly.

22.     Landlord breached its obligations under the Lease by failing to provide actual real estate tax bills to Tenant and by billing in a method not authorized under the Lease.

23.     Tenant has suffered damages as a result of Landlord's breach.

WHEREFORE, Tenant demands judgment against Landlord for compensatory damages, together with costs, interest and attorneys' fees, as well as such other relief as the Court deems just and proper, and a declaration that payment for the tax bill not occur until presentation of the actual tax bill.

## COUNT II
## BREACH OF CONTRACT – FAILURE TO ACT IN GOOD FAITH

24.     Tenant repeats and re-alleges each allegation contained in the previous paragraphs of this Complaint as if fully set forth.

25.     The Lease is a valid, written contract between Landlord and Tenant.

26.     The Lease, like all contracts in Pennsylvania, contains an implied covenant of good faith and fair dealing that obligated Landlord to deal with Tenant fairly and in good faith.

27.     By refusing to comply with Tenant's demand for the return of the excess "tax" payments, provide for an accounting, and through advanced invoicing of anticipated tax bills,

128257789.1

Landlord collected Excess Payments from Tenant, and Landlord breached its obligation to deal with Tenant fairly and in good faith.

28.     Tenant has suffered damages as a result of Landlord's breach.

WHEREFORE, Tenant demands judgment against Landlord for compensatory damages, together with costs, interest and attorneys' fees, as well as such other relief as the Court deems just and proper, including a declaration that payment for the tax bill require presentation of the actual tax bill.

## COUNT III
## UNJUST ENRICHMENT AND RECOUPMENT

29.     Tenant repeats and re-alleges each allegation contained in the previous paragraphs of this Complaint as if fully set forth.

30.     Landlord has been unjustly enriched to Tenant's detriment by retaining and refusing to return the Excess Payments it collected from Tenant.

31.     Landlord has received the benefits of the Excess Payments.

32.     It would be inequitable for Landlord to retain such benefits under the circumstances.

33.     To the extent Landlord has continuing rent and additional rent claims against Tenant, the Tenant is entitled to recoup as a matter of equitable accounting the Excess Payments against future rent, additional rent and tax payments.

128257789.1

WHEREFORE, Tenant demands judgment against Landlord for compensatory damages, together with costs and interest, as well as such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Craig R. Tractenberg
Craig R. Tractenberg (Pa. I.D. No. 34636)
**FOX ROTHSCHILD LLP**
2000 Market Street
Philadelphia, PA  19103
(215) 299-2000

*Attorneys for Plaintiff Dollar Tree Stores, Inc.*

Dated:  November 23, 2021

6

128257789.1